■ In the Matter of the Claim of MARIE M. CHURCH, Respondent, v. SCINTILLA DIVISION, BENDIX CORPORATION, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The board was well within the area of decision committed to it in determining that claimant's request for "a sick leave of absence", accompanied by her physician's contemporaneous statement that he had advised claimant to request a leave of absence "because of her poor nervous condition", "serves the intent and purpose of Section 217 and was sufficient to have placed employer on notice that the employee had an illness which required medical observation and a form of treatment which necessitated an absence from work for an extended period." Indeed, the board had to do no more than to give to claimant's word "sick" and to the medical diagnosis of a "poor nervous condition" the ordinary meaning of those terms. In fact, the employer, at the time, did not question the adequacy of these papers as notice and proof of disability, its letter of the same date as claimant's application noting as a reservation only that its allowance of sick leave did not, in itself, constitute an acknowledgment by it of claimant's sickness and disability; the letter at the same time instructing claimant to "contact the First Aid Department relative your Group Insurance" and advising that a physical examination would be required prior to her return to work. Appellants' additional contentions were not raised before the board and cannot be considered here. Decision affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Gibson and Herlihy, JJ., concur; Reynolds and Taylor, JJ., dissent and vote to reverse and remit, in a memorandum by Taylor, J.: On January 6, 1961 claimant presented to the employer a letter "requesting a sick leave of absence for 3 months starting January 20, 1961." Attached thereto was a letter of her physician bearing date January 5, 1961 which stated: "I advised Mrs. Marie Church to request a leave of absence for 3 months

because of her poor nervous condition." On the day of the receipt of these missives the employer addressed to claimant an interoffice communication which approved her "request for a Sick Leave" for the period indicated. Claimant continued in employment until January 20. During this period she took no exception to the employer's characterization of the nature of her request. On April 11, 1961 she filed a claim for disability benefits on a form prescribed by the Chairman of the Workmen's Compensation Board in his regulations implementing subdivision 1 of section 217 of the Disability Benefits Law which was accompanied by her physician's statement that she had been unable to work because of a disability diagnosed as "Anxiety Reaction" since January 20 and fixed April 20, 1961 as the date on which she would be able to perform her usual work. The carrier rejected the claim indicating, however, that "Payments are being made beginning 2 weeks prior to the date your claim was filed." A hearing before a Referee followed at the conclusion of which he found that the statements by claimant and her physician dated respectively January 6 and January 5 did not constitute a request for benefits under the Disability Benefits Law but that the notice required by section 217 had been given on April 11 thus qualifying claimant for benefits for a period of disability from March 28 to April 20. Upon review the board reversed the Referee in part finding that the letters served the intent and purpose of section 217 and entitled claimant to benefits from January 20. Previously claimant had applied for and had been granted a leave of absence by the employer; on two prior occasions she had processed claims for disability benefits provided by the statute. Obviously she was able to distinguish one from the other. Before their respective letters were written the claimant consulted her physician concerning an uneasiness stemming from her outside employment, the nature of which required the entrustment of her two-year-old child to neighbors during her absence. That they then determined that the condition of which she complained would justify only the type of leave for which appellants contend is evident from the testimony of her physician: "I felt and advised her", he stated on direct examination, "to apply for a leave of absence rather than a sick leave because in the illness of December, it was not very tangible." On cross-examination following a dissertation on the subject of the problems of working mothers he stated: "They can't make out and it was this thought to request that Marie should ask for this leave of absence because she was getting very up-set [sic] about her home, her boy who was managed by other people." The claimant's application should be accepted for what it really was intended to be, a request for a leave of absence — based not upon her disability but for the alleviation of domestic distress arising from a conflict of dual duties — and should not be tortured into a claim for disability benefits which clearly constituted an afterthought on her part. Accordingly, I would reverse the decision of the board to the extent that it awarded disability benefits to claimant for the period between January 20, 1961 and March 28, 1961.